IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jason Jumper, #349261, | ) | C/A No.: 1:15-4848-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Broad River Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner Jason Jumper is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [ECF Nos. 15, 16]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 17]. The matter has been fully briefed [ECF Nos. 21, 25] and is ready for disposition. After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.      Procedural Background

Petitioner was indicted by the Sumter County grand jury during the October 2011 term of court on twelve counts of conspiring to manufacture methamphetamine, seven

1

counts of unlawful manufacture of methamphetamine in the presence of a minor child, three counts of manufacturing methamphetamine, three counts of possession of 200 to 400 grams of ephedrine/pseudoephedrine, and two counts of trafficking methamphetamine (2009-GS-43-0843). [ECF Nos. 15-1 at 95–96]. Petitioner was represented by John Britton, Esq., and on January 9, 2012, pled guilty to (1) one count of trafficking methamphetamine, 400 grams or more; (2) possession of ephedrine, 200 to 400 grams; (3) one count of manufacturing methamphetamine, first offense; and (4) one count of conspiracy to manufacture methamphetamine, first offense. *Id.* at 104–26. As part of the plea bargain, three other charges were dismissed. *Id.* at 105–06. Judge Young sentenced Petitioner to concurrent sentences of 15 years on the first-offense conspiracy and manufacturing charges, and 25 years for trafficking and possession of ephedrine. *Id.* at 124–25. Petitioner did not file a direct appeal of his convictions or sentences. [ECF No. 1 at 2].

On September 6, 2012, Petitioner filed a pro se application for post-conviction relief ("PCR") in which he alleged ineffective assistance of counsel and claimed his lawyer failed to file a direct appeal. *Id.* at 35–41. Micah Leddy, Esq., was appointed as counsel for Petitioner and filed a first amended PCR application on his behalf that raised the following claim and facts in support:

> Applicant's prior counsel was deficient in his performance because of his failure to investigate. Prior counsel failed to ascertain that the purported methamphetamine, the trafficking of which Applicant pled guilty, had been destroyed more than a year before Applicant pled guilty. Prior counsel failed to perform an independent analysis of the purported methamphetamine. Prior counsel also consented to the samples' destruction. As a result, Applicant believed he faced up to 90 years in

> prison if he was convicted at trial. Without the benefit of an independent analysis of these samples, it is impossible to know if the Applicant actually faced this potential sentence. Prior counsel's failure to investigate the evidence against his client was therefore outside the range of professionally competent assistance. Furthermore, prior counsel's deficient performance prejudiced his client by inducing him to accept a plea to a 25 year sentence after allowing the destruction of potentially exonerating evidence.
>
> On February 3, 2009 The Sumter county Sheriff's Office completed an analysis of 19 items seized from the Applicant's residence. This analysis yielded a total of 3,021.06 grams of Methamphetamine, 235.77 [grams] of Ephedrine/Pseudoephedrine as well as 100 tablets of Ephedrine/Pseudoephedrine of varying strengths. On February 11, 2009, The Sumter County Sheriff's Office relinquished 7 of the tested items to GRR Environmental Laboratory, a disposal service that repurposes waste products. No independent analysis of the 7 destroyed items or any of the 19 tested items was ever performed, despite a standard practice, of performing these analyses among defense attorneys representing clients facing similar charges.

*Id.* at 43–44.  On February 18, 2014, Attorney Leddy filed a second amended PCR application raised the following additional claim:

> Applicant's prior counsel was deficient in failing to advise client to take the case to trial, rather than to plead guilty as charged, and to raise the defense that the weight of the methamphetamine as calculated in the Sheriff Department analysis was much higher than the actual weight. Furthermore, prior counsel was deficient for failing to advise client to take the case to trial and argue that, even if the weight as calculated by the Sheriff was a correct interpretation of the applicable South Carolina statute, such an interpretation would lead to absurd results inconsistent with due process and equal protection under the United States Constitution and the Constitution of the State of South Carolina – counsel should have argued to the Court that the weight of the waste water, which was used to calculate a huge weight of methamphetamine in this case, should have been converted to yield a marketable amount of methamphetamine in order to hold Applicant accountable for his proper level of culpability.
>
> Furthermore, counsel was deficient in failing to advise client to take the case to trial and argue that the weight as calculated by the Sheriff's department would lead to a punishment in violation of the 8th Amendment

3

> of the United States Constitution. Furthermore, counsel was deficient in failing to advise client to take the case to trial and argue that the statutory definition of a mixture containing a controlled substance is unconstitutionally vague, and any such mixture must be converted into a marketable amount under the rule of lenity.

*Id.* at 54–55.

A PCR evidentiary hearing was held before the Honorable George C. James, Jr., on February 25, 2014, at which Petitioner and Attorney Leddy appeared. *Id.* at 127–234. Petitioner did not testify at the hearing. The court permitted post-hearing briefing on whether the trafficking statute's measurements of methamphetamine properly contemplates the entire weight of the waste water, as opposed to the smaller, marketable weight of the undiluted methamphetamine that could be extracted from the liquid. *Id.* at 59–77. On April 17, 2014, Judge James filed an order of dismissal. *Id.* at 13–29.

The court denied Petitioner's motion to reconsider on May 12, 2014. *Id.* at 81–87 (motion), 32 (order). Petitioner filed a notice of appeal from the denial of PCR. *Id.* at 88–89. Mr. Leddy continued his representation of Petitioner on appeal, and filed a petition for writ of certiorari on January 15, 2015, in the South Carolina Supreme Court, raising the following questions:

> I. Whether Applicant's plea counsel was ineffective for failing to advise Applicant to proceed to trial because the State was basing the indictment on a weight of methamphetamine that included the liquid mixture in which the methamphetamine was being manufactured because the "waste water" should have been excluded from the weight of methamphetamine attributed to the Applicant because
>     a. The term "methamphetamine" as defined by the Legislature is ambiguous and must therefore be construed according to the rule of lenity
>     b. To include the weight of the "waste water" would lead to absurd results inconsistent with due process and equal protection under the United States Constitution and the Constitution of the State of South Carolina

4

      c. To include the weight of the "waste water" would lead to a punishment in violation of the 8th Amendment of the United States Constitution.

ECF No. 15-4.

On May 20, 2015, the South Carolina Supreme Court issued an order dismissing the appeal. [ECF No. 15-7]. The remittitur issued on June 5, 2015 [ECF No. 15-8] and was filed on June 8, 2015 [ECF No. 15-3].

On December 3, 2015, Petitioner filed this federal petition for a writ of habeas corpus. [ECF No. 1-1 at 1].[1]

II.    Discussion

    A.    Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**    That the statute at issue is ambiguous and including the weight of waste water would lead to an absurd result.

    Supporting Facts: Fact being if they would have not been able to use liquid weight against me, they would not of had any methamphetamine to charge me with. The pseudoephedrine charge was all liquid sediment pill mash except (60) 120 mg tablets and (40) 60 mg tablets. If you extract all of the pseudoephedrine out off the amount of tablets I got caught with would equal 9.6 grams far from 200+.

**Ground Two:**    Failed to file direct appeal.

    Supporting Facts: Trial lawyer did not file for a direct appeal.

---

[1] The petition was received by the court on December 4, 2015, and docketed on December 7, 2015. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the Broad River Correctional mailing system on December 3, 2015. [ECF No. 1-1 at 1].

5

**Ground Three:**   Trial lawyer failed in researching the elements, plea bargain should have been of a lesser offense and sentence.

Supporting Facts: I plead to maximome (sic) sentence.

**Ground Four:**   PCR counsel was ineffective.

Supporting Facts: Counsel failed to preserve all my issues for review by this court. Although he did file a 59(e) motion, he to raised the fact that plea counsel did not file a direct appeal, failed to challenge plea bargain, counsel did not do any investigation on my case. PCR counsel did not raise these issues at my hearing although they were on my application.

[ECF No. 1 at 5–10 (errors in original)].

   B.   Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

   C.   Analysis of AEDPA Bar

      1.   AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed

under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> - (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> - (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> - (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> - (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[2]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor*

---

[2] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

8

*v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf.*

9

*Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2. Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court

expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Petitioner's conviction became final on January 19, 2012—ten days after he tendered his guilty plea on January 9, 2012. *See* SCACR 203(b)(2) (notice of appeal must be served within ten days following sentencing). His federal time began to run the following day, January 20, 2012. Petitioner filed his PCR application on September 6, 2012, after a lapse of 230 days, leaving 135 days of untolled time. The statute of limitations remained tolled until, at the very latest, June 8, 2015, upon the filing of the remittitur in Sumter County after the South Carolina Supreme Court's May 20, 2015, order denying the petition for writ of certiorari.[4] Petitioner had until October 21, 2015, to

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

[4] There remains a dispute among the District of South Carolina opinions concerning whether (1) the decision date, (2) the remittitur date, or (3) the date of receipt of the remittitur controls for purposes of calculating the statute of limitations. *See, e.g.*, *Smith v. Warden, Lieber Corr. Inst.*, No. 4:13-3090-BHH, 2014 WL 5503529, at *6 (D.S.C. Oct. 30, 2014) ("The [PCR] appeal was denied by the South Carolina Supreme Court on April 17, 2013, at which time the statute of limitations resumed."); *Lewis v. Cartledge*, No. 1:12-2584-SB, 2014 WL 517469, at *2 (D.S.C. Feb. 6, 2014) ("The statute remained tolled until the South Carolina Supreme Court denied certiorari [in Petitioner's PCR appeal] on June 12, 2008. On [date], the statute began to run again . . . ."); *Ramirez v. Rawski*, No. 1:13-cv-00200-JMC, 2013 WL 5657655, at *7 (D.S.C. Oct. 15, 2013) ("The statute of limitations remained tolled until the South Carolina Supreme Court denied certiorari on January 12, 2012.") (citing *Gonzalez*); *Goodman v. McCabe*, No. 1:13-cv-

file his federal habeas petition, but waited until, December 3, 2015—at least 45 days too late. Because Petitioner filed outside the one-year statute of limitations, this action is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

        3.        Petitioner Has Not Demonstrated Entitlement to Equitable Tolling

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

594-RMG, 2013 WL 5530522, at *2 (D.S.C. Oct. 7, 2013) ("[T]he Court agrees with the Magistrate Judge's thorough analysis regarding the application of AEDPA's statute of limitations to the facts of this case and agrees that it operates to bar this action."), *adopting in part* No. 1:13-594-RMG-SVH, 2013 WL 5530520, at *3–6 (D.S.C. Sept. 6, 2013) ("The statute of limitations remained tolled until the South Carolina Supreme Court denied certiorari on August 5, 2010."); *cf. Johnson v. Warden, Lee Corr. Inst.*, No. 2:14-cv-0768 DCN, 2015 WL 1021115, at *9 (D.S.C. Mar. 9, 2015) ("The statute of limitations remained tolled during the pendency of the PCR action which began on April 13, 2009, and lasted until the Remittitur for the PCR Appeal was issued on June 20, 2013."); *Byers v. Warden of McCormick Corr. Inst.*, No. 8:14-cv-0969 DCN, 2015 WL 846544, at *8 (D.S.C. Feb. 26, 2015) (using date remittitur was issued); *Brannon v. Stevenson*, No. 9:13-cv-1792-RMG, 2014 WL 4954884, at *14 (D.S.C. Sept. 29, 2014) (using the date the remittitur was issued "out of an abundance of caution and in light of Petitioner's *pro se* status, and in order to allow for a more thorough analysis of Petitioner's claims"); *Bradshaw v. McCall*, No. 0:12-cv-03624-DCN, 2014 WL 463142, at *7 n.3 (D.S.C. Feb. 4, 2014) (using the date the remittitur was issued "out of an abundance of caution" but recognizing "that case law may support the assertion that [ ] a state PCR action is no longer pending for purposes of § 2244(d)(2) once a state appellate court has denied relief"); *Atchison v. Warden of Broad River Corr. Inst.*, No. 9:10-2059-SB-BM, 2011 WL 2728469, at *3 n.7 (D.S.C. May 26, 2011) (using date remittitur was issued); *Beatty v. Rawski*, No. 1:13-3045-MGL-SVH, 2015 WL 1518083, at *2–6 (D.S.C. Mar. 31, 2015)(rejecting use of decision date in the report and recommendation and holding the date the remittitur was filed in circuit court for purposes of calculating the statute of limitations); *Beatty v. Rawski,* 1:13-3045-MGL-SVH (D.S.C. July 12, 2015) (denying Respondent's Fed. R. Civ. P. 59 motion).

stood in his way' and prevented timely filing." *Holland* at 659 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

                a.      Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this petition in no manner suggests that he diligently pursued his rights. Petitioner appears to seek habeas relief, *inter alia*, on the ground that his lawyer did not file a direct appeal. [ECF No. 1 at 7]. Even so, Petitioner has failed to demonstrate that he had been pursuing his rights diligently before he filed his first PCR application on September 6, 2012. Petitioner waited nearly eight months to file his PCR application, which the undersigned finds is evidence that Petitioner was not pursuing his rights diligently. *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

          b.      Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned finds that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations. The court rejects Petitioner's argument that he is entitled to equitable tolling on account of having been held in solitary confinement. [ECF No. 21 at 1]. "While solitary confinement does present an obstacle to filing a timely habeas petition, it does not qualify as an extraordinary circumstance." *Hizbullahankhamon v. Walker*, 105 F. Supp. 2d 339, 344 (S.D.N.Y. 2000), *aff'd,* 255 F.3d 65 (2d Cir. 2001). "[L]ockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the AEDPA statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a [habeas] petition." *Atkins v. Harris*, 98 Civ. 3188, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999). Accordingly, Petitioner is not entitled to equitable tolling during any period of solitary confinement. *Coker v. Warden, Lee Corr. Institution,* No. 11-1842, 2012 WL 3115856 (D.S.C. July 30, 2012) (petitioner not entitled to equitable tolling despite allegations of

14

prison lock downs interfering with time to file his petition). Even if the court were to equitably toll Petitioner's statute of limitation period for the duration of his solitary confinement from September 2 to October 12, 2015, his filing would still be barred as untimely.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 16] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 25, 2016                                              Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).