IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jason Jumper, #349261,<br><br>   Petitioner,<br><br>v.<br><br>Warden of Broad River Correctional Institution,<br><br>   Respondent. | C/A No. 1:15-4848-JFA<br><br><br>**ORDER** |

  Jason Jumper ("Jumper") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while confined at the Broad River Correctional Institution of the South Carolina Department of Corrections. On February 29, 2016, Respondent filed a Motion for Summary Judgment, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 16). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this Court advised Jumper of the summary judgment and dismissal procedures and the possible consequences if he failed to respond to the Respondent's motion by April 4, 2016. (ECF No. 17).

  On April 5, 2016, the Court ordered Jumper to advise the Court as to whether he wished to continue with this case and to file a response to Respondent's Motion for Summary Judgment by April 19, 2016. (ECF No. 19). Jumper filed a response on April 7, 2016. (ECF No. 21). Respondent filed a timely reply in opposition to Jumper's response on April 18, 2016. (ECF No. 25).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant the Respondent's motion for summary judgment because Jumper's Petition was untimely. (ECF No. 26). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Jumper was advised of his right to object to the Report, which was entered on the docket on April 25, 2016. The Magistrate gave Jumper until May 12, 2016 to file objections to the Report. However, Jumper failed to file any objections. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation and grants the Respondent's Motion for Summary Judgment (ECF No. 16).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Further, because Jumper has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

May 17, 2016  
Columbia, South Carolina

*Joseph F. Anderson, Jr.*  
Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."

3